IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRESSA GRUMMER,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS and ROBERT CARSRUD,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

## I. NATURE OF ACTION

1.1    Dr. Tressa Grummer brings this civil action to redress the sexual harassment she endured while working as a doctoral student intern at the Monroe Correctional Complex.

## II. JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction over Dr. Grummer's 42 U.S.C. § 1983 claim for violation of the Constitution pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.2    This Court has supplemental jurisdiction over Dr. Grummer's state-law claims pursuant to 28 U.S.C § 1367.

COMPLAINT- 1
Case No.

2.3     Venue properly rests with this Court pursuant to 28 U.S.C. § 1391(b)(2).

### III.  PARTIES

3.1     Plaintiff Grummer is a citizen of the State of Washington. She received her doctorate in psychology from Northwest University in February 2019.

3.2     Defendant Washington State Department of Corrections (hereinafter "DOC") is an agency of the State of Washington.

3.3     Defendant Dr. Robert Carsrud was at all times material to this Complaint an employee of defendant DOC. Upon information and belief, he is a citizen of Washington.

### IV.  FACTS

4.1     While working towards completing her doctorate in psychology at Northwest University in Kirkland, Washington, Dr. Grummer worked as an unpaid intern at the DOC's Monroe Correctional Complex ("Monroe") beginning in November 2014 under the supervision of Dr. James Davison.

4.2     Dr. Grummer held a second internship under the supervision of Dr. Davison during the 2015-2016 school year.

4.3     Dr. Grummer sought a third internship at Monroe for the 2016-2017 academic year. In mid-2016 she interviewed with defendant Carsrud, who managed the internship program. He inappropriately stared at Dr. Grummer throughout her interview.

4.4     Defendant Carsrud assigned Dr. Grummer to work with him for the 2016-2017 academic year even though another doctor's work was more compatible with Dr. Grummer's interest and experiences.

4.5     Dr. Grummer began working with defendant Carsrud in November 2016. She worked 24 hours each week. She worked out of his office and under his direct supervision. She

COMPLAINT- 2
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

had direct contact with defendant Carsrud every Tuesday. She was also supposed to see him every other Thursday.

4.6     Defendant Carsrud frequently made sexist and demeaning comments about and to Dr. Grummer. He repeatedly dismissed her success with male inmates as being the result of her being "a cute, young girl." He also frequently commented on Dr. Grummer's physical appearance and wardrobe.

4.7     Defendant Carsrud would often sit in the office just to watch Dr. Grummer work. There was no legitimate professional reason for him to observe her writing notes or doing paper work. When Dr. Grummer asked defendant Carsrud what he was doing, he replied that he was just "enjoying his morning."

4.8     One day Dr. Grummer asked defendant Carsrud how she should respond if an inmate made sexually inappropriate comments to her. Defendant Carsrud said she should expect that because she was a "pretty girl."

4.9     Dr. Grummer repeatedly informed DOC employees that she was uncomfortable working with defendant Carsrud but DOC took no remedial action. Another DOC employee later admitted that she had known defendant Carsrud had been engaging in inappropriate behavior towards Dr. Grummer but did not intervene.

4.10    During an individual supervision session with Dr. Grummer in September 2017, defendant Carsrud told her that if she were his counselor, he would want to see her every week because of how she looks.

4.11    During that same meeting, defendant Carsrud told Dr. Grummer that he couldn't be sure if a male inmate had improved his behavior because of her therapeutic techniques or

COMPLAINT- 3
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

because it was fun to talk to a pretty, young woman every week. He also told her that if she wore low-cut shirts or tight skirts, her success rate would be even higher.

4.12 Dr. Grummer needed medical leave from October 10-13. Dr. Grummer went to the emergency room on October 17 for severe gastrointestinal distress. She had repeated absences from work due to her illness and needed additional medical leave in mid-November.

4.13 In mid-November, a more junior female intern told Dr. Grummer about her own disconcerting experiences with defendant Carsrud. She told Dr. Grummer that defendant Carsrud had moved a recent supervision session with her to a dimly lit room and kept her there for three hours. Defendant Carsrud told the other female intern that the inmates would be happy to talk to a young girl like her.

4.14 In December 2017, defendant Carsrud gave Dr. Grummer her yearly Psychology Trainee Competency Assessment Form. She received four "Advanced" ratings, ten "High Intermediate" scores and six "Intermediate" ratings. Nevertheless, Dr. Carsrud claimed she had not completed the goals of her internship due to her absences and how she had handled them. His remedial plan for her largely consisted of his sitting in on her counseling sessions and interacting with her on a daily basis.

4.15 On or about December 1, 2017, Dr. Grummer spoke with DOC employee Tina Gregorius about defendant Carsrud's sexual harassment. On information and belief, Dr. Gregorius works in Human Resources. Dr. Gregorius excused defendant Carsrud's behavior as "social awkwardness." Dr. Gregorius told Dr. Grummer, as "one woman in the field to another" that behavior such as his was going to happen a lot. Dr. Gregorius advised Dr. Grummer to "pick and choose her battles" because Dr. Gregorius would hate for Dr. Grummer to look back years in the future and wish she hadn't said anything about defendant Carsrud.

COMPLAINT- 4
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

4.16   Dr. Grummer told Dr. Gregorius she didn't think defendant Carsrud should be supervising interns, especially young female ones. Dr. Grummer also requested that she be reassigned to work with Dr. Davison.

4.17   Soon thereafter, Dr. Grummer reported her concerns about defendant Carsrud to Northwest University. The University launched an investigation into his behavior. On information and belief, at least two other female interns complained about defendant Carsrud's inappropriate behavior towards them. That same month defendant Carsrud was removed from supervising students from Northwest University.

## V.   FIRST CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER RCW 49.60

5.1   Plaintiff realleges paragraphs 4.1 to 4.17 as if fully set forth herein.

5.2   The Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq.*, prohibits the creation of and maintenance of a sexually hostile work environment. The protections of the WLAD are not limited to paid employees.

5.3   Defendants subjected Dr. Grummer to discriminatory treatment on the basis of sex by creating and maintaining a sexually hostile work environment.

5.4   Dr. Grummer was subject to a pervasive pattern of offensive and unwelcome comments and actions on the basis of sex.

5.5   Defendant DOC is vicariously liable for defendant Carsrud's unlawful conduct towards Dr. Grummer because at the time of those actions, he was a manager. Alternatively, defendant DOC is liable for defendant Carsrud's unlawful conduct towards Dr. Grummer because it knew or should have known about his sexual harassment but failed to take adequate remedial action.

COMPLAINT- 5
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

5.6    As a direct and proximate result of the defendant's unlawful conduct, Dr. Grummer has suffered and continues to suffer lost wages and benefits, emotional distress, and humiliation, in amounts to be proved at trial.

### VI. SECOND CAUSE OF ACTION
### (Defendant Robert Carsrud)
### 42 U.S.C. § 1983

6.1    Plaintiff realleges paragraphs 4.1 to 4.17 as if fully set forth herein.

6.2    Defendant Carsrud, acting under color of state law, deprived Dr. Grummer of her constitutional right to equal protection.

6.3    Defendant Carsrud continually subjected Dr. Grummer to discriminatory treatment by creating and maintaining a sexually hostile work environment.

6.4    Defendant Carsrud subjected Dr. Grummer to a pervasive pattern of offensive and unwanted comments and actions on the basis of sex. As a direct and proximate result of defendant Carsrud's unlawful conduct, Dr. Grummer has suffered and continues to suffer lost wages and benefits, emotional distress, and humiliation, in amounts to be proved at trial.

6.5    Defendant Carsrud acted intentionally in harassing Dr. Grummer.

### VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.    Lost wages and benefits in an amount to be proved at trial;

B.    Compensatory damages in an amount to be proved at trial;

C.    Punitive damages against defendant Carsrud;

D.    Attorneys' fees and costs;

E.    Prejudgment interest; and

F.    Such other and further relief as the Court deems just and proper.

COMPLAINT- 6
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Dated this 10th day of April 2019.

                    FRANK FREED SUBIT & THOMAS LLP

                    By: <u>/s/ Michael C. Subit</u>
                    Michael C. Subit, WSBA No. 29189
                    705 Second Avenue, Suite 1200
                    Seattle, Washington 98104
                    Phone: (206) 682-6711
                    Fax:  (206) 682-0401
                    Email:  msubit@frankfreed.com

                    *Attorneys for Plaintiff*

COMPLAINT- 7
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711