UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRESSA GRUMMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　Defendants. | Cause No. C19-0532RSL<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTIONS IN LIMINE |

　　This matter comes before the Court on "Plaintiff's Motions in Limine." Dkt. # 30. Plaintiff seeks to limit the testimony of defense expert Russell Vandenbelt, M.D., and to exclude text messages regarding the valuation of her claims for settlement purposes.

**A. Expert Testimony**

　　Plaintiff challenges Dr. Vandenbelt's proposed testimony on two general grounds. First, she argues that the parties' Fed. R. Civ. P. 35 agreement regarding the nature and scope of Dr. Vandenbelt's examination of plaintiff somehow limits the nature and scope of the opinions he may render. The parties' agreement sets forth the examination elements, procedures, and timing: it does not limit the opinions Dr. Vandenbelt might derive from the examination results. Dkt. # 31-1 at 2-3. Defendants expressly disclosed as much in their supplemental initial disclosures, stating that Dr. Vandenbelt "may be called to testify regarding his opinion and findings" arising

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE - 1

out of the Rule 35 examination he conducted. Dkt. # 31-2 at 2. Plaintiff does not seriously argue that defendants failed to timely disclose Dr. Vandenbelt's opinions given that his report was generated on the day he conducted the examination. Dkt. # 31-3 at 2. Plaintiff's first objection is not well-taken.

The second challenge arises under Fed. R. Ev. 702, which states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Plaintiff argues that Dr. Vandenbelt is not a qualified expert with regards to the propriety of conversations between a supervising instructor and a Ph.D. intern. Dr. Vandenbelt states that he is "familiar with the parameters and scope of mental health training programs regarding psychotherapy/counseling trainees and the necessary discussions between supervisors and trainees . . . ." Dkt. # 31-3 at 9. Dr. Vandenbelt is a licensed physician and a board-certified psychiatrist with a specialty in addiction medicine. While he has years of clinical experience in both the in-patient and out-patient contexts, there is nothing in the record to suggest that Dr. Vandenbelt has ever taught psychology or psychiatry, has supervised interns, or has otherwise

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE - 2

studied teaching methods or best practices. In short, his "familiarity" with the means and methods of professional training appears to arise solely from his own training experiences over three decades ago. Defendants have not shown that Dr. Vandenbelt has the knowledge, skill, experience, training, or education to opine regarding the merits of any training program or internship, much less whether Carsrud's communications in this case were necessary or appropriate.

Plaintiff also argues that Dr. Vandenbelt should be precluded from suggesting that plaintiff has overstated her emotional distress because (a) she did not experience "any overt sexualized comments or requests and . . . there were no instances of unwanted physical contact or threats" and (b) she failed to seek mental health treatment in the aftermath of Carsrud's conduct. As defendants readily acknowledge, these statements are representations of fact. Dkt. # 38 at 2-3. Although "remarkable" or "notable," the representations require no scientific, technical, or other specialized knowledge. Dkt. # 31-3 at 10. Defendants nevertheless argue that Dr. Vandenbelt should be permitted to utilize his expertise as a psychiatrist to educate the jury regarding the importance of these facts when evaluating damages. His report is virtually silent on this point, however. Dr. Vandenbelt does not offer an opinion as to the differing impact of one type of sexual harassment versus another (in general or on plaintiff), nor does he provide guidance on how to evaluate a failure to seek medical treatment in these circumstances. At most, Dr. Vandenbelt suggests that the jury should find plaintiff's claim of damages incredible based on the stated facts and his characterization of them as "remarkable" and "notable." Having failed to actually set forth an opinion in his report, Dr. Vandenbelt leaves the jury to draw its own

conclusions from the stated facts, without any assistance from him or his expertise. The Court therefore agrees with plaintiff that the testimony is not based on Dr. Vandenbelt's professional expertise, will not assist the trier of fact, and would invade the province of the jury.

Finally, plaintiff objects to Dr. Vandenbelt's conclusion that plaintiff's reported level of emotional distress was the result of the internship itself, not defendant Carsrud's conduct. Although plaintiff asserts that this opinion is based on nothing but speculation, Dr. Vandenbelt relies, at least in part, on the results of plaintiff's psychological testing in forming this opinion. Dkt. # 31-3 at 10. This matter is taken under advisement, to be decided at trial.

**B. Text Messages Regarding Settlement Valuation**

The parties agree that text messages touching on settlement discussions and/or attorney-client communications are inadmissible.

For all of the foregoing reasons, plaintiff's motions in limine (Dkt. # 30) are GRANTED except as to Dr. Vandenbelt's opinion regarding the cause of plaintiff's emotional distress. The admissibility of that testimony which will be determined at trial.

Dated this 2nd day of September, 2022.

*MRT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE - 4