UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRESSA GRUMMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al*.,<br><br>　　　　　Defendants. | Cause No. C19-0532RSL<br><br>ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE |

This matter comes before the Court on the "State Defendants' Motions in Limine." Dkt. # 33. Defendants seek to exclude testimony and evidence related to (a) Northwest University's investigation of plaintiff's claims against defendant Carsrud and (b) the three-and-a-half month delay between plaintiff's complaint and the Department of Corrections' investigation thereof.

Under Washington law, an employer is liable for a discriminatory work environment created by a plaintiff's supervisor if the employer "(a) authorized, knew, or should have known of the harassment and (b) failed to take reasonably prompt and adequate corrective action." *Glasgow v. Georgia-Pac. Corp.*, 103 Wn.2d 401, 407 (1985). The employer's duty is to take remedial action that is "reasonably calculated to end the harassment." *Id.* The Department of Corrections intends to argue that it took prompt and adequate corrective action to address the alleged discriminatory conduct based largely on the fact that it allowed plaintiff to transition her

ORDER DENYING DEFENDANTS'
MOTIONS IN LIMINE - 1

internship supervision from Carsrud to another psychologist as soon as she complained of sexual harassment. Defendants argue that, under Washington law, the fact that the harassment never happened again establishes that the employer's response was reasonable and adequate as a matter of law, citing *Perry v. Costco Wholesale, Inc.*, 123 Wn. App. 783, 794 (2004), and *Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 857 (2000). The Department of Corrections therefore seeks to exclude all evidence regarding shortcomings in its response to plaintiff's complaint.

In *Francom*, the Court of Appeals affirmed the trial court's grant of summary judgment in favor of Costco, holding that "[t]he fact that the conduct never occurred again after October 1993 is proof that Costco's response was reasonable and adequate as a matter of law." 98 Wn. App. at 857. In repeating that holding a few years later, however, the Court of Appeals cited federal case law for the proposition that the adequacy of an employer's response "will be measured by the twin purposes of ending the current harassment and deterring future harassment – by the same offender or others." *Perry v. Costco*, 123 Wn. App. 783, 794 (2004) (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1528-29 (9th Cir. 1995). Thus, the fact that the harassment never occurred again, while clearly relevant when evaluating the reasonableness and adequacy of the employer's response, is not necessarily dispositive where there is evidence that the response was so weak that it either ratified the past conduct or would fail to dissuade future harassment in the workplace.

There is evidence in this case that the Department of Corrections' response was entirely passive, leaving plaintiff to her own devices or the protections of third parties to extricate herself

ORDER DENYING DEFENDANTS'
MOTIONS IN LIMINE - 2

from defendant Carsrud's sphere of influence, delaying an investigation for over three months until forced to act, and arguably performing an investigation that was more focused on protecting its staff than ensuring a nondiscriminatory work environment. The jury is entitled to consider this evidence when determining whether the Department took reasonable steps to address plaintiff's complaint, to protect plaintiff and other interns from sexual harassment, and/or to deter future harassers. While the law does not require that the response to sexual harassment complaints be perfect, it does require that remedial action be "reasonably calculated to prevent further harassment." *Perry*, 123 Wash. App. at 795.

For all of the foregoing reasons, defendants' motions in limine (Dkt. # 33) are DENIED. Plaintiff will be permitted to present evidence that challenges the employer's assertion that it took reasonable and adequate corrective action. Whether and the extent to which the competing investigations and determinations will be admitted at trial has yet to be determined. The parties shall be prepared to discuss this issue shortly after the jury is selected

Dated this 6th day of September, 2022.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTIONS IN LIMINE - 3